UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| GERUND MICKENS,<br>         Petitioner,<br><br>         v.<br><br>UNITED STATES OF AMERICA,<br>         Respondent. | No. 3:22-cv-00729 (SRU) |

**RULING ON MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE**

In June 2022, Gerund Mickens ("Mickens" or "the petitioner"), proceeding *pro se*, filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, challenging the legality of the sentence imposed on him. *See* Mot. to Vacate, Set Aside, or Correct Sentence ("Pet."), Doc. No. 1. Additionally, Mickens filed a motion to appoint counsel. *See* Mot. to Appoint Counsel, Doc. No. 2. The government has responded, contending that Mickens's claims are procedurally barred, or in the alternative, without merit. *See* Gov't. Mem. in Opp., Doc. No. 5. Mickens filed a reply. *See* Mot. for Leave to File a Late Response ("Pet. Reply"), Doc. No. 7. For the following reasons, Mickens's motion to vacate, set aside, or correct sentence, doc. no. 1, and motion to appoint counsel, doc. no. 2, are **DENIED**.

**I.      BACKGROUND**[1]

Mickens, along with two of his co-defendants, Harold Cook ("Cook"), and Terrell Hunter ("Hunter")[2], were charged with the kidnapping of Charles Teasley ("Teasley"), resulting in Teasley's death, in violation of 18 U.S.C. §§ 1201(a)(1) and 2 (count one); the firearm-related murder of Teasley in furtherance of kidnapping, in violation of 18 U.S.C. §§ 922(j)(1) and 2

---

[1]      I assume familiarity with the facts of this case, which were set out in detail in my prior order denying Mickens's motion for acquittal and new trial. *See United States v. Cook*, 2019 WL 4247938 (D. Conn. Sept. 6, 2019).

[2]      Jesus Ashanti and Douglas Lee were also charged in the indictment.

(count two); and the firearm-related murder of Teasley in furtherance of Hobbs Act Robbery, in violation of 18 U.S.C. §§ 924(j)(1) and 2 (count three). *See* Indictment, Cr.[3] Doc. No. 1.

On August 21, 2018, after a nearly two-week trial, a jury found Mickens, Cook, and Hunter guilty of all counts in the three-count indictment. *See* Verdict, Cr. Doc. No. 320. Subsequently, count two was dismissed on consent in light of the then-recent Supreme Court decision, *United States v. Davis*, 139 S. Ct. 2319 (2019). *See* Mot. to Dismiss, Cr. Doc. No. 462; Order, Cr. Doc. No. 464.

After his conviction at trial, Mickens moved under Rule 29 of the Federal Rules of Criminal Procedure for judgment of acquittal or, in the alternative, under Rule 33 for a new trial. *See* Mot. for J. of Acquittal or New Trial, Doc. No. 333. Relevant here, Mickens argued that he was entitled to a judgment of acquittal on both counts of conviction because the government's case relied almost exclusively on Jesus Ashanti's testimony. *See* Mem. in Supp. of Mot. for J. of Acquittal or New Trial, Cr. Doc. No. 444; Joint Mot. for Acquittal, Cr. Doc. No. 290. Jesus Ashanti ("Ashanti") is another co-defendant in the case, but ultimately pled guilty and testified against his co-defendants. Per Mickens, Ashanti's testimony was riddled with falsities, rendering it "incredible on its face." *See* Mem. in Supp. of Mot. for J. of Acquittal or New Trial, Cr. Doc. No. 444; Joint Mot. for Acquittal, Cr. Doc. No. 290. Further, Mickens argued that alleged prosecutorial misconduct entitled him to a new trial. *Id.* I disagreed and denied the motion. Order, Cr. Doc. No. 485; *see also United States v. Cook*, 2019 WL 4247938 (D. Conn. Sept. 6, 2019). Thereafter, I sentenced Mickens to life imprisonment on counts one and three, with both terms to run concurrently. *See* Min. Entry, Cr. Doc. No. 526; Judgment, Cr. Doc. No. 527.

---

[3]  I refer to documents in Mickens's criminal case, *United States v. Mickens*, Dkt. No. 3:17-cr-00065 (SRU), with the shorthand "Cr. Doc.," and to documents in this case without a shorthand for the case name.

Mickens appealed his conviction raising principally the same challenges he raised below. *See* Notice of Appeal, Cr. Doc. No. 529. The Second Circuit disagreed with Mickens's arguments and affirmed the judgment of conviction. *See* Mandate, Cr. Doc. No. 582; *see generally United States v. Mickens*, 2021 WL 3136083 (2d Cir. July 26, 2021).

## II.     LEGAL STANDARD

Section 2255 provides a prisoner in federal custody an opportunity to challenge the legality of his or her sentence. To obtain relief under section 2255, the petitioner must show that his or her prior sentence was invalid because: (1) it was imposed in violation of the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) it exceeded the maximum detention authorized by law; or (4) it is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). The standard is a high one; even constitutional errors will not be redressed through a section 2255 petition unless they have had a "substantial and injurious effect" that results in "actual prejudice" to the petitioner. *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993) (cleaned up); *Underwood v. United States*, 166 F.3d 84, 87 (2d Cir. 1999) (applying *Brecht*'s harmless error standard to section 2255 petition).

## III.    DISCUSSION

### A.      The Petition

Construed liberally[4], Mickens asserts two grounds for relief in his habeas petition. First, Mickens argues that the government entered false evidence into trial by permitting cooperating defendant, Ashanti, to testify falsely. *See* Pet., Doc. No. 1, at 15[5]. Second, Mickens contends that

---

[4]     Because Mickens is proceeding *pro se*, I construe his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).
[5]     The petition, doc. no. 1, uses multiple sets of page numbers. For ease of reference, I will use the page numbers generated by the court's electronic case filing system to cite to pages in the petition.

3

the trial was influenced by prosecutorial misconduct and prosecutorial vindictiveness, in violation of his due process rights. *Id.* at 17.

I begin with Mickens's first ground for relief. Per Mickens, Ashanti "plainly lied" in open court about who killed Teasley, and "there is no factual evidence to tie [him] to the crime scene other than a false statement made by [] Ashanti." Pet., Doc. No. 1, at 15. In substance, Mickens is raising a sufficiency of the evidence claim. Fatal to Mickens's claim, however, is that he already raised this argument in a prior appeal to the Second Circuit, precluding its relitigation in a section 2255 motion. *Id.* at 4 (acknowledging that this claim was raised on direct appeal).

A section 2255 petition "may not be employed to relitigate questions which were raised and considered on direct appeal." *Cabrera v. United States*, 972 F.2d 23, 25 (2d Cir. 1992) (cleaned up); *see also Reese v. United States*, 329 F. App'x. 324, 326 (2d Cir. 2009) (quoting *United States v. Sanin*, 252 F.3d 79, 83 (2d Cir. 2001)). That limitation prohibits relitigation of issues that were expressly or impliedly decided on direct appeal. *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001). Reconsideration is permitted only if the court is "confronted with 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *United States v. Becker*, 502 F.3d 122, 127 (2d Cir. 2007) (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)).

On direct appeal, Mickens averred that his conviction could not be sustained because there were multiple inconsistencies in Ashanti's testimony. *Mickens*, 2021 WL 3136083, at *3. Upon review, the Second Circuit rejected that argument, acknowledging that although one might question Ashanti's credibility, "based on the totality of the record evidence, … a reasonable jury had a sufficient foundation to credit Ashanti's overall version of the events and determine that [Mickens and his co-defendants] kidnapped, robbed, and murdered Teasley." *Id.* at *5. Further,

4

the Second Circuit held that Ashanti's testimony was "generally corroborated by cell phone, ballistics, and DNA evidence." *Id.* As evidenced by that holding, Mickens's sufficiency of the evidence claim has already been raised and decided on direct appeal. Importantly, too, Mickens provides no basis to overcome the procedural bar because he has not raised "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Becker*, 502 F.3d at 127.

Relatedly, Mickens's second basis for habeas relief is procedurally barred. Mickens's position is that the government engaged in prosecutorial misconduct and vindictiveness. He describes four examples of such conduct: first, by using false testimony from Ashanti; second, by using an all-white jury; third, by ignoring testimony from the Teasley's girlfriend who testified that Mickens was not involved in the murder; and four, by misleading the jury. Pet., Doc. No. 1, at 17–18. For reasons already articulated, the first, third and fourth examples are variations of Mickens's already-decided sufficiency of the evidence claims, and Mickens has not argued why an exception should apply.[6]

The second example, use of an all-white jury, is a new claim that was not raised on direct appeal. It is nonetheless still barred because it is a claim that could have been raised on direct appeal. A court will not review claims that the petitioner failed to properly raise on direct review. *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012); *see also Yalincak v. United States*, 575 F. Supp. 2d 385, 387 (D. Conn. 2008). The exception to the rule occurs when the individual can demonstrate either: (1) cause for the failure to raise the issue on appeal and actual

---

[6] Rather briefly, Mickens also states that the government failed to comply with its required disclosures under *Brady v. Maryland*, 373 U.S. 83 (1963). *See* Pet., Doc. No. 1, at 17. In his reply, Mickens elaborates more on these disclosures, noting that the prosecutor "withheld evidence as to the documented testimony" of Ashanti's recanted statements. *See* Pet. Reply, Doc. No. 7-3, at 2. Again, this argument was raised and decided on direct review. *See United States v. Mickens*, 2021 WL 3136083, at *7–8 (2d Cir. July 26, 2021).

prejudice; or (2) actual innocence. *See Harrington*, 689 F.3d at 129. Mickens has shown neither. Mickens does not advance a reason why this argument was not raised on direct appeal, nor is a reason apparent to me. Mickens does assert that he is "actually innocent" of the charges. *See* Pet., Doc. No. 1, at 16. That said, it is important to note in this regard that "actual innocence" means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992). Mickens conclusory asserts that he is "actually innocent" but puts forth no facts or evidence to support that claim. Instead, he continues to point to the apparent lack of evidence against him. That is insufficient to overcome the procedural bar. *See Gupta v. United States*, 913 F.3d 81, 85 (2d Cir. 2019) (holding that, in order to demonstrate his actual innocence, "a defendant must prove his factual innocence, not mere legal insufficiency") (cleaned up).[7]

In sum, Mickens's present petition is procedurally barred. But even if the claims in the petition were not so barred, a conclusion I do not reach, they are without merit. Both this Court and the Second Circuit have already considered and rejected almost all[8] of Mickens's arguments, and Mickens sets forth no arguments or facts that cast doubt on those opinions. Therefore, his petition must be **dismissed**.

---

[7] Mickens advances two additional bases of prosecutorial misconduct in his reply. First, Mickens claims that it was an abuse of power for the government to request that a new judge be assigned to this case "once [the prosecutor] felt that the first district judge would not be lenient on [] Ashanti's sentence even if testified at trial." *See* Pet. Reply, Doc. No. 7-3, at 1. There are several problems with this argument. First, it was not raised on direct appeal and Mickens fails to demonstrate cause and actual prejudice, or actual innocence. Moreover, it is factually inaccurate. This case was originally assigned to Judge Alfred V. Covello, and transferred to me in January 2018, doc. no. 118, "[i]n the interests of justice and judicial economy." The docket does not reflect that the government moved for a new judge to be assigned to this case. And even if the government did move for a new judge, Mickens does not articulate how the government seeking to get a more lenient sentence for Ashanti would have prejudiced him. In other words, there is no claim that his outcome would have been different if his case remained before Judge Covello.
    Second, Mickens challenges the accuracy of the DNA evidence used against him. Pet. Reply, Doc. No. 7-3, at 2. This argument was raised and decided on direct review. *See Mickens*, 2021 WL 3136083, at *5.

[8] Mickens's claim that he was convicted by an all-white jury is also without merit because he does not suggest that any prospective juror was wrongly stricken because of his or her race. *See, e.g., Jackson v. Poole*, 2011 WL 4901314, at *12 (S.D.N.Y. July 19, 2011) (citing *Bludson v. Superintendent*, 2009 WL 704487, at *9 (S.D.N.Y. Mar. 16, 2009)) (rejecting claim that the petitioner had been improperly convicted by an "all[-]white" jury, where the petitioner had not alleged "that any prospective juror member was wrongly stricken from the panel because of his or her race," as prohibited by *Batson v. Kentucky*, 476 U.S. 79 (1986)).

B.     Entitlement to a Hearing

In support of his petition, Mickens requests an evidentiary hearing due to "the lack of evidence" against him. *See* Pet., Doc. No. 1, at 13. Under section 2255, a petitioner is entitled to a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). "Mere generalities or hearsay statements will not normally entitle the applicant to a hearing…. The petitioner must set forth specific facts which he is in a position to establish by competent evidence." *Dalli v. United States*, 491 F.2d 758, 760–61 (2d Cir. 1974) (cleaned up). In the absence of supporting facts, the court may resolve a petitioner's claims without a hearing. *See id.*

Mickens has not satisfied this standard because his petition is plainly procedurally barred Moreover, his petition does not set forth specific facts entitling him to relief. Therefore, I hold that no hearing is required in this matter.

C.     Appointment of Counsel

A petitioner has no right to counsel on a section 2255 motion, and the Court only has discretion to appoint counsel if "required by 'the interests of justice.'" *United States v. Doe*, 365 F.3d 150, 155 (2d Cir. 2004) (quoting 18 U.S.C. § 3006A(a)(2)(B)). When assessing whether the interests of justice require the appointment of counsel, the court considers "the petitioner's likelihood of success on the merits; the complexity of the legal issues raised by the petition; and the petitioner's ability to investigate and present the case." *United States v. Brown*, 2014 WL 3738062, at *6 (D. Conn. July 30, 2014) (citing *Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986)). I decline to appoint counsel because the briefs and record before the Court provide sufficient information to conclude that Mickens's petition is procedurally barred, and his arguments are without merit. Therefore, his motion to appoint counsel, doc. no. 2, is **denied**.

## IV. CONCLUSION

For the foregoing reasons, Mickens's motion to vacate, set aside, or correct sentence, doc. no. 1, is **denied**. His motion to appoint counsel, doc. no. 2, is **denied.** Because Mickens's claims are without merit, a certificate of appealability of this decision will not issue. The Clerk is directed to close this case.

So ordered.

Dated at Bridgeport, Connecticut, this 15th day of August 2023.

/s/ STEFAN R. UNDERHILL
Stefan R. Underhill
United States District Judge